ISRAEL LEAVITT *vs.* LEVI EASTMAN and others.

Cumberland. Opinion February 14, 1885.

*School-house lot. Mortgage. Trespass. Notice.*

A mortgagee not in possession may maintain an action of trespass *quare clausum* against a stranger for an injury to the freehold.

In taking land under the power of eminent domain, the notice given should indicate correctly the authority invoked, and the proceedings intended.

ON report from the superior court.

Trespass *quare clausum* for entering plaintiff's premises and committing certain acts of trespass therein. The writ was dated November 17, 1882. The plea was the general issue and brief statement, justifying their acts as building committee of school-district number nineteen, town of Harpswell, and claiming that the premises had been lawfully taken as a part of a school-house lot for the erection of a new school-house by the district.

*John J. Perry* and *D. A. Meaher,* for the plaintiff, cited: R. S., c. 11, § § 16, 19, 33; *Collins* v. *School Dist. Liberty,* 52 Maine, 522; *Tucker* v. *Wentworth,* 35 Maine, 393; *Windsor* v. *China,* 4 Maine, 298; *Moore* v. *Bond,* 18 Maine, 142; *Rand* v. *Rand,* 4 N. H. 267; *Flint* v. *Sawyer,* 30 Maine, 226;

*Fletcher* v. *Lincolnville*, 20 Maine, 442; *Simmons* v. *Jacob*, 52 Maine, 147; *Bigelow* v. *Wilson*, 1 Pick. 485; *Jordan* v. *School Dist.* 38 *Maine*, 170; *Moor* v. *Newfield*, 4 Maine, 44; *Chapman* v. *Limerick*, 56 Maine, 390; *Haines* v. *School Dist.* 41 Maine, 246; 2 Greenl. Ev. § § 601, 602, 605; *Reed* v. *Woodman*, 17 Maine, 43; *Marshall* v. *Wing*, 50 Maine, 62; *Pillsbury* v. *Willoughby*, 61 Maine, 274; *Moore* v. *Moore*, 21 Maine, 350; *Look* v. *Norton*, 55 Maine, 103; *Hunt* v. *Rich*, 38 Maine, 195; *Kilborn* v. *Rewee*, 8 Gray, 415; *Maxwell* v. *Mitchell*, 61 Maine, 106; *Norton* v. *Perry*, 65 Maine, 183.

*P. J. Larrabee* and *Strout and Holmes*, for the defendants.

At the time of the entry of the defendants upon the premises the plaintiff was mortgagee out of possession. The cases where the continuance of an erection made on the land of another without his consent has been held to be trespass, have been where the owner of the land specially required removal. Such was the case in the cases cited by the plaintiff. 63 Maine, 203; *Holmes* v. *Wilson*, 10 Ad. & El. 161; *Esty* v. *Baker*, 48 Maine, 495; *Bowyer* v. *Cook*, 4 M. G. & S. (56 E. C. L.), 236.

In cases where a mortgagee has been allowed to recover for trespass, there has been some special reason as where condition of the mortgage has been broken. *Page* v. *Robinson*, 10 Cush. 99; or the mortgagee has entered before the suit, *Stowell* v. *Pike*, 2 Maine, 387; or had judgment for possession, *Smith* v. *Goodwin*, 2 Maine, 173; or where the possession was not put in issue, *Blaney* v. *Bearce*, 2 Maine, 132; or timber cut under a contract, *Frothingham* v. *McKusick*, 24 Maine, 403. As to all the world but the mortgagee, the mortgagor is the owner. *Hatch* v. *Dwight*, 17 Mass. 289. Unless mortgagee's security is impaired he cannot maintain trespass. *Fernald* v. *Linscott*, 6 Maine, 234; *Hewes* v. *Bickford*, 49 Maine, 71.

Counsel further contended that all of the acts of the defendant were authorized by law, citing: *Soper* v. *Livermore*, 28 Maine, 203; *Whitman* v. *Granite Church*, 24 Maine, 236; *Emery* v. *Legro*, 63 Maine, 357; *Hooper* v. *Goodwin*, 48 Maine, 79; *Belfast* v. *Morrill*, 65 Maine, 580; *Bliss* v. *Day*, 68 Maine,

201; *Woodbury* v. *Knox*, 74 Maine, 462; *Hooper* v. *Bridgewater*, 102 Mass. 512; *Rutland* v. *Co. Com.* 20 Pick. 80; *Jordan* v. *Haskell*, 63 Maine, 193; *Limerick, Petitioners*, 18 Maine, 183; 2 Pars. Contr. 643, n. (i.); Chit. Contr. (10th ed.) 890; *Hazard* v. *Loring*, 10 Cush. 269.

EMERY, J. At the time of the alleged trespass, the plaintiff was mortgagee of the locus, with at least the right of possession. The defendants entered, removed a part of the fence enclosing the lot, and built on the lot a school-house. This was an injury to the realty, for which, if a trespass, the mortgagee under our law, can maintain the action of trespass *quare clausum*, the legal title being in him; *Smith* v. *Goodwin*, 2 Maine, 173; *Stowell* v. *Pike*, 2 Maine, 387; *Frothingham* v. *McKusick*, 24 Maine, 403; *Cole* v. *Stewart*, 11 Cush. 181. Had it been an injury to the possession merely, not affecting the mortgagee's security, this action might not have been maintainable; *Hewes* v. *Bickford*, 49 Maine, 71; but we think the removal of the fence and the disturbance of the surface, and soil, bring this case within the principle of the cases before cited.

The defendants justify as the committee of the school-district which had essayed to take this land for a school-house lot under statute proceedings. The validity of these proceedings for taking the lot is the only remaining issue.

The district at one of its meetings, by a two-thirds vote, had voted to locate its school-house lot on land of which the locus was a part. Alleging the owner's refusal to sell, application was made to the municipal officers to lay out a lot thereon, and appraise the damages to the owner. There are two contingencies in which application can be made by a district to the municipal officers for action in relation to school-house lots. One is when the district cannot agree by a two-thirds vote upon a location. Then the municipal officers are, in effect, to call a district meeting, hear the contending parties, and " decide where the school-house shall be placed." R. S., c. 11, § 56. The other contingency is when the location has been made, and no agreement can be made with the owner. Then the municipal officers are to

determine, not the location, but the size and shape of the lot to be taken and the damage caused by such taking. "They may lay out a school-house lot, not exceeding one hundred square rods, and appraise the damages." They are to proceed, "as is provided for laying out town ways, and appraising damages therefor." R. S., c. 11, § 57. Both these statute provisions were substantially in force at the date of these proceedings. The application in this case was clearly and admittedly of the latter kind. Under it, the municipal officers were not to locate a lot, but to stake out a lot in a location already made. This last they actually did, and appraised the damages.

The notice they gave however was as follows: "To the inhabitants of school-district number nineteen, in the town of Harpswell. Application in writing having been made to the undersigned as selectmen of the town of Harpswell by  .  .  , committee of said district for the location and erection of a school-house, to call a meeting of the qualified voters thereof, for the purpose hereinafter named ; you are hereby notified and warned to meet at the Union House, within said district on the fifth day of June next at two o'clock in the afternoon, for the purpose of hearing the inhabitants of said district on the subject of their disagreement respecting a suitable place to be selected for the erection of a school-house in said district, and of deciding where such school-house shall be located and lay out the same. Given," &c. This notice was evidently applicable to a case within the former contingency. Was it sufficient notice of the application actually made, and of the proceedings that actually followed?

It is common learning that where private property is sought to be taken against the will of the owner, under statute authority, all the statute requirements must be fully and strictly complied with. In the procedure no step, however unimportant, seemingly, must be omitted, nor will the substitution of other steps, in the place of those named in the statute be sufficient. To deprive the citizen of his property requires the whole statute, and nothing in the place of the statute. If there be any degrees in the importance of the requirements, that of· notice of the intended proceedings, would be the chief. The right of being seasonably

informed of just what is intended in such cases has always been regarded as indefeasable, even where the statute makes no provision. *Harlow* v. *Pike*, 3 Maine, 438. The notice should clearly indicate to all parties interested, what the application is, and what proceedings are intended. If the application is authorized, and the proceedings indicated, are such as the statute provides to follow such an application, the land owner may choose to appear and contest. If either the application or the indicated proceedings are unauthorized, or if the proposed proceedings are inapplicable the land owner may disregard them, and the notice of them. He cannot be bound by the notice, unless it notify him of an authorized application, to be followed by appropriate proceedings provided by statute for such a case.

The notice in this case informed the public of an application in a case of a disagreement about a location, and of the intention of the municipal officers at a named time and place, to hear the inhabitants of the district on the subject of their disagreement, and to decide where the school-house should be located. In this question, the land owner may have felt no interest. He may have been willing for the location to be made on his land, and only desired to be heard on the extent of the lot, or the damages. He could assume that a new application must be made for these purposes in case of disagreement as to price, and so disregard the proceedings in which he did not care to be heard. We do not think the notice was sufficient to conclude the owner as to the extent of the lot, or the amount of damages, and consequently the proceedings were invalid. *Harris* v. *Marblehead*, 10 Gray, 40 ; *Fitchburg R. R. Co.* v. *Fitchburg*, 121 Mass. 132.

The defendants' counsel calls our attention to the words, "lay out the same," at the end of the notice, and contends that these words gave the owner sufficient notice. We think the notice, as a whole, is unmistakably of an intention to decide a question of disagreement about a location, and not of an intention to lay out a lot and appraise damages therefor. Under such an application as the notice stated, there was no authority to lay out a lot, and the owner might properly disregard the words, "to lay out the same."

The defendants also contend that the return of the municipal officers reciting that a proper notice was given, is conclusive. No authority is cited for the proposition. In *Harlow* v. *Pike*, 3 Maine, 438, such return was not regarded even as evidence of a notice. In *Cool* v. *Crommet*, 13 Maine, 250, and in the *Limerick* case, 18 Maine, 183, it is spoken of only as *prima facie* evidence. In this case the notice actually given is in evidence before us, and we cannot disregard it in passing upon the plaintiff's rights.

It is also urged that the plaintiff must have known of the various proceedings of the school-district, and so have known what the application really was, and that the notice did not, in fact, mislead him. However that may be the legal transfer of the land requires the full observance of all the statute formalities. The rule is general and the land owner may rest upon it securely. There is in the case no sufficient evidence of waiver of any formality.

There is no need to consider any other objections to the proceedings. The justification fails for want of sufficient notice of the intention to take the land.

*Judgment for plaintiff for one dollar damages.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.