ATKINSON, Respondent, vs. HEWETT and others, Appellants.

*May 4 — June 1, 1885.*

*(1) Recording acts: Notice of equities. (2) Mortgages: Destruction of value of security by trespasser: Measure of damages.*

1. If a tenant in common of land purchases the same at a tax sale and then gives a mortgage thereof to one having no notice of the interest which he had prior to the tax sale until after the mortgage is recorded, such mortgagee will not be affected by any equity which would have made the purchase at the tax sale a mere redemption or payment of the tax.

2. Defendants, knowing of a mortgage upon land and that the mortgagor was insolvent, wilfully cut the timber from the land, thereby rendering it worthless as security. *Held*, that they were liable to the mortgagee for the amount due on the mortgage at the time of a judgment against them, not exceeding the value of the timber cut, although such mortgage bore interest at a rate higher than the legal rate.

APPEAL from the Circuit Court for *Clark* County.

Action to recover the amount due upon a note and mortgage, it being alleged that the defendants, by wilfully cutting and removing the timber from the mortgaged premises, had rendered the same worthless, and that the mortgagor was insolvent. The facts, as found by the trial court, are

stated in the opinion. The court also found that the plaintiff had recovered a judgment against the mortgagor, Chadwick, for the amount of the indebtedness secured by the mortgage, and that an execution issued thereon had been returned unsatisfied; and that the plaintiff had not foreclosed the mortgage, and would realize nothing by its foreclosure and a sale of the mortgaged premises. The mortgage was dated April 19, 1879, and was given to secure the sum of $909.19, payable in one year, with interest at ten per cent.

From a judgment in favor of the plaintiff for the amount due on the mortgage, the defendants appealed.

*R. J. MacBride*, for the appellants, contended, *inter alia*, that if any judgment were to be rendered against them, the rule of damages would be to compute interest on the mortgage for one year at ten per cent., and then legal interest on the aggregate amount thereof from that date until the date of judgment. The *legal* rate of interest is the measure of damage. *Mason v. Callender*, 2 Minn. 350; *St. John v. O'Connel*, 7 Porter (Ala.), 466; *Tarpley v. Wilson*, 33 Miss. 467.

For the respondent there was a brief by *James O'Neill* and *B. F. French*, and oral argument by *Mr. O'Neill*.

ORTON, J. In 1876 a tax deed was executed to the defendant *Hewett* of the premises in question. In 1878 *Hewett* conveyed the same to Thomas Chadwick. In 1879 Chadwick mortgaged the same to the plaintiff. It is claimed by the learned counsel of the appellants that when *Hewett* received said tax deed he was part owner of the premises and a tenant in common with others, and that, therefore, his purchase of the same at tax sale was a redemption thereof, or a payment of the tax; but it appears by the finding of the court that the deed by which he acquired his interest was not recorded until after the plaintiff's mortgage was

recorded, and that the plaintiff had no notice thereof. It is elementary that the plaintiff was not affected or bound by such a secret equity.

It is also found by the court that the land was unoccupied and wild, and its entire value consisted of the pine timber thereon, and that the mortgagor, Chadwick, was and is insolvent. It is further found that the defendants knew that said premises were so mortgaged to the plaintiff, and that Chadwick was insolvent, and that cutting and removing the timber from said premises would impair the plaintiff's security; and that in the winter of 1879 and 1880 they entered upon said premises and cut and removed the timber therefrom, against the will of the plaintiff, and converted the same to their own use. This action is brought for the value of such timber, to be applied *pro tanto* on the plaintiff's mortgage.

Every question involved in this suit was disposed of in the case between these same parties, in 51 Wis. 275, except that of the interest included in the judgment. That suit was for an injunction against the defendants cutting this timber; and the decision that the plaintiff was entitled to such injunction by reason of the same facts here found, settles the question of his right to this judgment for cutting off such timber after the injunction was dissolved by the circuit court. There can be no doubt that the defendants knowingly and wilfully cut the timber. Its value was found to be $1,687.50. There was due on the mortgage at the time of the findings, including ten per cent. interest stipulated in the note, $1,127. This amount the plaintiff lost by the trespass. It is within the amount of the value of the timber. There was no other correct way of computing the amount. It is the fault of the defendants that the mortgage has continued to run, and the interest thereon at ten per cent. to accumulate. If the defendants had not destroyed the plaintiff's security by his mortgage by render-

ing the land worthless by cutting off the timber, the plaintiff would have been entitled to a judgment of foreclosure for the same amount computed here, and this is the precise amount he had lost. The conclusions of law and the judgment are correct, under the pleadings and findings of fact.

*By the Court.*— The judgment of the circuit court is affirmed.