JACKSON v. BRANDON REALTY CO. et al.

(Supreme Court, Appellate Term. November 14, 1906.)

1. JUDGMENT—CONFORMITY TO PLEADINGS—NATURE OF ACTION.

Where an action is brought to recover "damages to real property and trespass in taking * * * and converting mortgaged property," a recovery should not be permitted, without an amendment of the complaint, for

an impairment of plaintiff's mortgage security, though the evidence shows
such a cause of action.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 436, 437.]

2. MORTGAGES—RIGHT OF PARTIES—THIRD PERSON—IMPAIRMENT OF SECURITY.
One intentionally impairing the security of a mortgage of realty by re-
moving any part of the realty is liable in an action for damages by the
mortgagee.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, §§
553, 560, 561.]

3. SAME—INTENT.
One knowingly impairing the security of a mortgage of realty by taking
away a part of such realty is chargeable with a design to effect that ob-
ject, though his leading motive may have been his own gain.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, §§ 553,
560.]

4. SAME—NATURE OF WRONG—PURPOSE OF TORT-FEASOR.
The cause of action arising on the impairment of the lien of a mortgage
of realty by carrying away a part of the realty is a tort, to support which
the facts must warrant an inference of fraudulent intent or wrongful
purpose to impair or destroy the lien.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, §§
553, 560.]

5. SAME—TRESPASS.
A mortgagee, having but a lien, and no title, and no possession of realty,
cannot maintain an action against a third person for damages to the real
property, or trespass.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, § 560.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth Dis-
trict.

Action by Henry H. Jackson against the Brandon Realty Company
and another. From a judgment in favor of plaintiff, defendants
appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Alfred & Charles Steckler, for appellant Ruelius.

Hulbert & Webb, for appellant Brandon Realty Co.

Stephen H. Jackson, for respondent.

PER CURIAM. It seems to be conceded that the action was
brought to recover "damages to real property, and trespass in taking,
carrying away, and converting mortgaged property." It was tried
as though an action to recover damages for impairment of plaintiff's
mortgage security, and probably the court allowed a recovery as
though for such damage. This, however, should not have been done,
even though the evidence showed such a cause of action, until the com-
plaint had been amended. It seems that, if a person intentionally im-
pairs a mortgage as a security by removing any part of the real prop-
erty covered by a mortgage, he does a wrongful act against the mort-
gagee, and is liable in an action for damages by the mortgagee for
the impairment of the mortgage as a security. If, in the present case,
the defendant Ruelius knew that by taking the sashes from the prem-
ises the value of plaintiff's mortgage as a security would be impaired,
he would be legally chargeable with a design to effect that object, al-

though his leading motive may have been his own gain. Van Pelt v. McGraw, 4 N. Y. 112–114.

Such a cause of action as has been referred to is in tort. Its gravamen is a fraudulent intent or wrongful purpose to impair or destroy the lien, and to support such an action the facts must be such as to warrant an inference to that effect. Hovey v. Elliott, 118 N. Y. 139, 23 N. E. 475. This is so, as the lien of the mortgage gave the mortgagee no title to the land. According to the evidence presented at the trial, the mortgagee had but a lien, and no title to the land, and no possession. There could, therefore, have been no recovery for damages to real property or trespass. It does not appear from the evidence that Ruelius knew the plaintiff had a mortgage upon the property. It might be naturally guessed that he knew of it, but it could not by fair inference be said from the evidence that he knew it. The evidence as to his receipt of the check and his presence at the office falls short of evidence warranting a finding that he knew of plaintiff's mortgage.

The judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event.