J. H. MATHEWS, Appellant, v. SILSBY BROTHERS et al., Appellees.

**DEMURRER:** When Motion Cannot Be Treated as Demurrer. A motion to strike an amended and substituted petition, on the *erroneous* and *mistaken* ground that said petition is simply a revamping of a former petition which has been held bad on demurrer, *cannot be treated as a demurrer*. In other words, on appeal from an order sustaining such motion, the sufficiency of the amended and substituted petition to state a cause of action is not before the court.

**MORTGAGES:** Damages to Security. Principle affirmed that the holder of a security on real estate may maintain an action for damages to his security resulting from the wrongful act of a third person.

**PARTIES:** Parties Generally—Action for Damage to Security. In an action by a lien holder for damages to his real estate security (resulting from the wrongful act of a third party), the equitable owner of the land should in some manner be made a party.

*Appeal from Harrison District Court.*—O. D. WHEELER, Judge.

DECEMBER 11, 1924.

PLAINTIFF appeals from the ruling of the court below dismissing his cause of action and entering judgment against him for costs.—*Reversed.*

*Bolter & Murray,* for appellant.

*P. E. Roadifer,* for appellees.

STEVENS, J.—A demurrer was sustained by the court to the original petition, and an amended and substituted petition was, on motion, stricken. Appellant having elected to stand upon his substituted petition, and refusing to plead further, the cause was dismissed at his costs. These rulings present the questions for review in this court.

1. DEMURRER: when motion cannot be treated as demurrer.

It appears from the allegations of the original petition that, on or about October 12, 1920, appellant and one William H. Barsby entered into a contract in writing whereby the former agreed to convey a certain residence property in Pisgah, Harrison County, to the latter, upon the final payment of certain annual installments on the purchase price; that, on or about September 1, 1921, Barsby vacated the premises; and that, during the same month, appellees Silsby Brothers entered thereon and removed a furnace, furnace pipes, registers, etc., and also certain plumbing and bathroom fixtures, all of which they had installed at the request of Barsby during the time he was in possession of the property.

The petition is in two counts. In Count 1, appellant asked judgment for the value of the furnace and bathroom fixtures, and in Count 2, for damages caused to the building by the removal thereof. A demurrer to the petition was interposed by appellee, upon the grounds that the only interest of appellant in the property at the time the alleged trespass was committed was that of a lien holder, in the nature of a mortgage, and that he therefore had no right of recovery, either for the trespass

or for the conversion of the fixtures. The demurrer being sustained, appellant filed an amended and substituted petition, also in two counts. Appellees moved to strike the substituted petition, upon the sole ground that it merely repeated the allegations of the former pleading to which the demurrer had been sustained.

We are confronted at the outset with a controversy between counsel as to the nature of the causes of action pleaded in the original petition, and also in the substituted one. Appellant, in his brief and argument, interprets the latter as an action for damages to his security for the unpaid purchase price: whereas appellees contend that the theory of both pleadings is the same, and that the action is for trespass upon real property and for the conversion of personalty upon which appellant had no lien, and that neither action can be maintained by a mere lien holder; that the right to recover therefor, if any, is exclusive in the holder of the equitable title to the property.

If a different cause of action is stated in the amended and substituted petition, or if, by elaboration of the allegations of the former pleading, the same result is attained, then the ground of the motion to strike was not good, and should have been overruled. If the ruling of the court on the motion to strike was erroneous, then the amended and substituted petition is still open to attack by demurrer; as the grounds of the motion preclude it from being treated as a demurrer, and hence the sufficiency of the allegations of the amended and substituted petition to state a cause of action is not before us for decision.

It seems quite clear to us that the cause of action, if any is stated in the substituted pleading, proceeds upon a wholly different theory from that of the original petition, particularly as to Count 1 thereof. Without attempting to analyze the substituted pleading, or expressing an opinion as to its sufficiency to state a cause of action, we are of the opinion that it is susceptible of the interpretation placed thereon by counsel for appellant: that is to say that the theory of the pleader, notwithstanding some of the language used, tends to indicate that the attempt was to state a cause of action for damages to appellant's security, and not for trespass or conversion, in the sense suggested by appellees. With whether the cause of action is

one that may be split, or should be pleaded in different counts of the petition, we are not now concerned. Many of the ultimate facts set up in the two pleadings are identical; but the relief sought in the substituted pleading, however unfortunate the language used, is, we think, for damages to appellant's security.

It is alleged in the substituted petition that the acts of appellees in removing the furnace and bathroom fixtures, together with the damages caused to the building in effecting such removal, were unlawful, and in disregard of the plaintiff's interest as a lien holder.

The right of a mortgagee to maintain an action against the mortgagor or a third party for damages to his security will not be denied for the sole reason that the diminution in the value thereof is the result of some wrongful act on the part of the mortgagor or of a third party, amounting to trespass or conversion. Appellees concede that a lien holder is not wholly without remedy in such cases, but suggest that it is exclusively in equity. With this contention we do not agree; but, as will be observed from what we have already said, the question before us is a narrow one, and does not involve the sufficiency of the substituted pleading to state a cause of action on the theory contended for. We think the causes of action stated in the two pleadings are distinguishable, and that the motion to strike the substituted petition, which superseded the original pleading, should have been overruled. This conclusion necessitates a reversal of the judgment below. Notwithstanding the fact that it is not necessary for us to do so, yet, as similar questions are sure to again arise in the court below, we deem it proper to call attention briefly to a few authorities in other jurisdictions, without attempting to review them in detail.

2. MORTGAGES: damages to security.

Counsel have not sought in argument to distinguish between the right of appellant, who, at the time the damages are alleged to have occurred, held the legal title to the property as security for the unpaid purchase price, and the right of a mortgagee, who, strictly speaking, has merely a lien on the premises, as security for the indebtedness owed to him. Whether a distinction should be made in this does not arise on the record before us. Two rules long established exist in this country.

In those jurisdictions in which the mortgagee is deemed to be the holder of the legal title, whether in possession of the real property or not, he may maintain an action against a third party for damages to the mortgaged premises. In other jurisdictions, in which the mortgagee is considered as having a mere lien upon the property, as in this state, the mortgagor retaining possession, he cannot maintain an action for trespass, *quare clausum fregit*, but may sue for injury to his security. Without attempting to differentiate the authorities or to point out the jurisdictions in which the respective rules have been adopted, we call attention to the following, which are in point, and state the rules correctly: 3 Tiffany on Real Property (2d Ed.), Section 618; 39 Cyc. 1625, 1626; *Atkinson v. Hewett,* 63 Wis. 396 (23 N. W. 889); *Taylor v. McConnell,* 53 Mich. 587 (19 N. W. 196); *Heath v. Haile,* 45 S. C. 642 (24 S. E. 300); *Webber v. Ramsey,* 100 Mich. 58 (58 N. W. 625); *Betz v. Verner,* 46 N. J. Eq. 256 (19 Atl. 206); *Dutro v. Kennedy,* 9 Mont. 101 (22 Pac. 763); *Jackson v. Brandon Realty Co.,* 100 N. Y. Supp. 1005; *Buckout v. Swift,* 27 Cal. 433 (87 Am. Dec. 90); *Turner v. Mebane,* 110 N. C. 413 (14 S. E. 974); *Leavitt v. Eastman,* 77 Me. 117; *Gooding v. Shea,* 103 Mass. 360; *Searle v. Sawyer,* 127 Mass. 491; *Stewart v. Finkelstone,* 206 Mass. 28 (92 N. E. 37); *Delano v. Smith,* 206 Mass. 365 (30 L. R. A. [N. S.] 474); *Ocean Acc. & G. Corp. v. Ilford Gas Co.,* 6 British Ruling Cases 84, and note; Cooley on Torts (3d Ed.), Section 394.

*Northrup v. Trask,* 39 Wis. 515, is relied upon by appellees, to sustain their contention that the only remedy of appellant, if any, is in equity. This, which was an action in trover, to recover the value of a house which the plaintiff, vendor under a contract of sale, alleged had been removed from the mortgaged premises and converted by the defendant, who furnished the material for the house, to his own use, is not in point. The court held that plaintiff could not recover, notwithstanding his lien, because the house, which had become attached to other real property, was not then the subject of conversion. It is suggested in the opinion that an injunction to prevent the removal of the building would have been the proper remedy. The fixtures removed from the building involved on this appeal were purchased by Barsby from appellees while he was in pos-

session of the property, and not paid for. After the abandonment of the premises by Barsby, appellant foreclosed his contract for a deed, and purchased the property at execution sale. Barsby did not redeem from the sale.

The whole property was pledged to the payment of the purchase price, and the damage, under the facts stated, was to the lien holder, as well as to the equitable owner of the title. The property sold on execution for less than the amount of the balance due. If the security was diminished by the wrongful act of appellees, we see no obstacles to appellant's recovery of the amount of such diminution thereof. No doubt, if appellant had been apprised of the attempt of appellees to remove the fixtures, and such act was wrongful, he could have maintained an action to enjoin such removal; but to hold that this is the exclusive remedy is to deprive him, under some circumstances, of any remedy at all.

There is one other matter to which, although it is not, perhaps, directly involved, we deem it proper to call attention: The damages complained of arose prior to the sale of the property on foreclosure, and are damages for which the mortgagor might maintain an action in his own name. He has, as we understand the allegations of the petition, abandoned possession of the property; but, in order that the adjudication between appellant and appellees, if a trial be had, shall be final and complete as to all matters, we hold that notice must be served on the mortgagor to prosecute the action, or to permit appellant to do so in his own name, to the prejudice of any right or claim which such mortgagor might have against appellees for damages.

3. PARTIES: parties generally: action for damage to security.

We are not to be understood as expressing an opinion as to the sufficiency of the allegations of appellant's petition to state a cause of action, for the reason, as before stated, that that question is not before us.

We reach the conclusion that the motion to strike the substituted petition should have been overruled, and, on this ground, the judgment of the court below is reversed.—*Reversed.*

ARTHUR, C. J., and EVANS, PRESTON, and VERMILION, JJ., concur.