WHITELY, *Appellant*, v. PLATTE COUNTY.

**Proceedings to open Public Road:** ESSENTIALS TO THEIR VALIDITY.
It was necessary to the validity of proceedings for the opening of a
new road, taken under the township organization law of 1873, (Sess.
Acts, p. 110, ?? 24, 25, 27,) that the record of the proceedings of the
township board of directors should show that every essential pre-
requisite of the statute had been complied with, such as that the
petition for the road had been made by twelve legal voters and
householders of the township living within three miles of the road,
and that a copy of the petition had been posted in three of the most
public places in the township before any steps was taken by the
board. A record which showed only that the signers of the petition
were citizens of the township, and that the petition had been posted
"in three places along the line of the road," was fatally defective.

*Appeal from Platte Circuit Court.*—HON. GEO. W. DUNN,
Judge.

REVERSED.

*J. E. Merryman* for appellant.

NORTON, J.—The controversy in this case grows out of
the action of the township board of directors of Weston
township, Platte county, in locating a new road over the
land of plaintiff in said township. Plaintiff appealed from
the action of said board to the county court of said county,
in which court he filed his motion to set aside the order
establishing said road, because it was made without notice
to plaintiff, and because the said board had no jurisdiction
to make it. The court overruled the motion, whereupon
plaintiff appealed to the circuit court, and renewed his mo-
tion to set aside said order because the township board had
acquired no jurisdiction to establish said road, and because
the order establishing it was made without notice to him.
This motion being overruled, plaintiff appeals to this court.
The only question which the record presents is, whether
or not the township board in the various steps taken had
acquired jurisdiction. This being a statutory proceeding

*in invitum* to appropriate to the use of the public the land of plaintiff, and being in derogation of common law and common right, "the utmost strictness is required in order to give it validity; and unless upon the face of the proceeding it affirmatively appear that every essential prerequisite of the statute conferring the authority has been fully complied with, every step, from inception to termination, is *coram non judice.*" *Ells v. Pacific R. R. Co.*, 51 Mo. 200. The township board could only acquire jurisdiction to lay out a new road and assess damages as is provided in sections 24, 25 and 27 of the act of 1873, page 110, that being the act under which the proceeding was had. These sections are as follows: 24. "The township board of directors may lay out or discontinue or alter any road, or lay out any new road, when petitioned for by any number of legal voters, who shall be householders of said township, not less than twelve, residing within three miles of the road so to be altered, discontinued or laid out; said petition shall set forth in writing a description of the road and what part is to be altered or discontinued; and if for a new road, the names of owners of land, if known, over which the road is to pass, the point at which it is to commence, its general course, and the place at or near which it is to terminate." 25. "Whenever any number of legal voters determine to petition the township board for the alteration or discontinuance of any road, or laying out a new road, they shall cause a copy of their petition to be posted up in three of the most public places in the township, at least twenty days before any action shall be had in reference to said petition." 27. "The damages sustained in consequence of laying out, opening or altering a road, when the parties interested therein cannot agree, shall be ascertained and assessed by the township board."

It is clear from these statutory provisions that it is an indispensable prerequisite to laying out a new road that the petition for the same must be made by twelve legal voters and householders of the township living within three

miles of the proposed road, and that a copy of such petition must be posted up in three of the most public places in the township at least twenty days before any action can be taken in reference to it. These facts are jurisdictional and must affirmatively appear in the proceedings, and unless they do so appear, no jurisdiction is conferred, and none can be exercised. The object of requiring a copy of the petition to be posted up was to impart notice to the land owner that the public proposed to make an appropriation of his property to a public use, and completely deprive and divest him of all control over the same; and in order that such notice might be effectual, it is not only provided that such copies shall be posted up in three places in the township where the road is proposed to be established, but that these places must be three of the most public places in the township. The record before us entirely fails to show a compliance with the law in these respects, it only appearing therefrom " that it was proved to the satisfaction of the board that notice of the opening of said road had been posted in three places along the line of the road for twenty days previous to this date." Neither does it appear from the face of the petition, or any other part of the record, that the road was petitioned for by twelve legal voters and householders of the township living within three miles of the road. The persons signing the petition are designated as citizens of Weston township. It therefore follows that as the facts necessary to confer jurisdiction on the township board do not affirmatively appear, under the ruling of this court in the case of *Ells v. Pacific R. R. Co.*, *supra*, and the case of *Carpenter v. Grisham*, 59 Mo. 247, the judgment must be reversed and cause remanded, to be disposed of in conformity with this opinion. All concur.