ZIMMERMAN, *Appellant*, v. SNOWDEN *et al.*

1. **Proceeding to Establish Public Road**: ACT OF 1868 : JURISDICTIONAL FACTS. Proceedings to establish a public road under the road law of 1868 (Laws, 1868, p. 157) must show that the petition was signed by "twelve householders of the township or townships in which the road is desired, three of whom shall be of the immediate neighborhood," and that the notices of the intended application for the road had been posted for "twenty days prior thereto." These are jurisdictional facts and must appear on the record of the proceeding, otherwise the latter is void; certainly so as against land owners who did not relinquish their rights of way.

2. **Public Road, Acquisition of by Use.** The public may acquire the right to the use of a road on the land of another from its use and adverse occupancy, acquiesced in by the land owner for a period of ten years.

3. ———— : ————. In determining what is a sufficient use by the public of the road regard must be had to the condition of the surrounding lands and their state of improvement. The circumstance that travel for the most part departed from the line of the real location of the road to avoid a hill is not a controlling one to defeat the claim of the public.

*Appeal from Andrew Circuit Court.*— HON. H. S. KELLEY, Judge.

AFFIRMED.

*Samuel Ensworth* for appellant.

(1)   County courts in establishing roads, changing roads, or in making orders to open roads must confine themselves to the statute, otherwise their proceedings are nullities, and a person may resort to a petition in equity and injunction for relief against the acts of the county court and overseers.   *Carpenter v. Gresham*, 59 Mo. 247 ; *County of Cooper v. Geyer*, 19 Mo. 260, 261 ; *Jefferson County v. Cowen*, 54 Mo. 234 ; High on Injunctions, secs. 124, 125, 126, 127 and 128, pp. 78, 79 and 80. (2) In summary proceedings, where the rights of third parties are involved, the law always implies that they shall have reasonable notice to prepare for the protection of their rights.   *Patton v. Wrightman*, 31 Mo. 432. There is no dedication in this case, as the owners never consented to the road, which is necessary to a dedication.   *Becker v. City of . St. Charles*, 37 Mo. 13. (3) Courts of limited or special jurisdiction should show affirmatively by their proceedings of record facts which give the court jurisdiction of the matter acted upon. *McCloon v. Beatie*, 46 Mo. 39, and citations, and also *Edwardson v. Kite*, 43 Mo. 179.

*C. F. Booher* for respondent.

BLACK, J.—The plaintiff became the owner of the southwest quarter of section 10, township 59, range 34, in Andrew county, in 1879, and then enclosed the same with a fence.   The defendants, the road overseer and county court, made claim for an established public road over the west line of the land, and were about to remove the obstruction when plaintiff procured a temporary injunction restraining them from so doing, which was dissolved on final hearing and from that judgment he took this appeal.

1.   Proceedings were had in the county court in

1871, resulting in an order establishing a road north and south between sections 9 and 10, and to the north and south of those sections. Many owners of property relinquished their claims for damages and conveyed a right of way to the county. Those proceedings fail to show that the petition was signed by "twelve householders of the township or townships in which the road is desired, three of whom shall be of the immediate neighborhood," or that the notices of the intended application had been put up for "twenty days prior thereto," as required by the road law (Acts of 1868, p. 157). These are jurisdictional facts necessary to be made to appear upon the record somewhere, otherwise, under the former rulings of this court, the proceedings are void. Certainly so as to those owners who did not relinquish the right of way. *Jefferson Co. v. Cowan et al.*, 54 Mo. 234; *Whiteley v. Platte County*, 73 Mo. 30. No claim is made that those persons through whom the plaintiff claims title ever made such relinquishment.

2. The evidence shows there was a public road running north and south over the east half of section 9 in 1845. In 1856, at the request of Bowman, the owner of that tract, the county court made an order changing the location of the road, east to the line of the two sections. This was done without the consent of the owners of section 10, and the order was not binding upon them. Bowman, then, in 1856, enclosed his land placing the fence in twenty feet in order to accommodate the road. The road as thus located was then cleared out, a bridge built across a creek, and the road was kept in repair and used by the public. During and since the late war the repairs have been neglected, though the road at its north and south ends on plaintiff's land has at all times been used as a public highway. Because of a hill or stony point in the road on plaintiff's land the travel has been accustomed to go around over the open prairie, though there has at all times been more or less travel

over the immediate line of the road as located in 1856. While there was no road established by condemnation binding upon the parties not consenting thereto, and it does not appear that the owner of this land by any positive and unequivocal act dedicated the same to public use for a road, to do which requires no specific length of time, still it is the settled law of this state, that the public may acquire the right to the use of a road on the land of another from use and adverse occupancy, acquiesced in by the owner, for a period of ten years. *State v. Walters*, 69 Mo. 463. Or, as was said in *State v. Wells*, 70 Mo. 637, "so that ten years adverse occupancy and use of a road by the public would be sufficient, if acquiesced in by the owner, to vest in the public an easement in the road and cause it to become a highway."

Here this road has been used, known and recognized as a public highway for a period of over twenty years. We do not regard the circumstance that travel, for the most part, departed from the real location to avoid the hill, as controlling. In determining what will constitute a sufficient use we must keep in view the condition of the surrounding lands and their state of improvement. Besides this, the line of the road was definitely fixed when laid out and cleared off and that entire route has been to a greater or less extent traveled and used ever since, until closed up by the plaintiff. It is true the land was for the greater portion of this time owned by non-residents, but the plaintiff purchased the same from Mr. Caldwell, who was called as a witness and states that he knew there was a road over the west side of this land for he had traveled over it twenty or twenty-five years ago. So far as he is concerned he must be held to something more than a passive acquiescence. Upon the whole we have no doubt but the public have acquired a right to the use of this road as a public highway, irrespective of the orders of the county court. The judgment of the circuit court is, therefore, affirmed. All concur.