STATE OF MISSOURI, Respondent, v. JAKE DAVIS, Appellant.

Kansas City Court of Appeals, November 7, 1887.

PUBLIC ROAD—OBSTRUCTION OF—WHAT EVIDENCE SUFFICIENT TO SUP-
PORT INDICTMENT.—In an indictment for unlawfully obstructing a
public highway, proof that the part of the road obstructed by de-
fendant had been in use for more than ten years preceding the act
of interference, as a public highway, is sufficient to support the in-
dictment without any record proof of the establishment of the road
by an order of the county court.

APPEAL from Saline Criminal Court, HON. JOHN E.
RYLAND, Judge.

*Affirmed.*

The case is stated in the opinion of the court.

D. D. DUGGINS and BOYD & SEBREE, for the appel-
lant.

I.  The fact that the road was opened by order of
the county court, and traveled by the public for ten
years, does not make it a public road.  See Revised
Statutes, section 6987, which requires a plat to be made
and filed with the county clerk.

II.  The only statutory provision legalizing defec-
tive proceedings in the opening and changing of roads
is section 6987, Revised Statutes, 1879, and that requires
that a plat of the road shall be filed with the clerk of the
county court.

III.  The law will not authorize a conviction for ob-
structing a public road unless (1) There has been an
actual dedication of the land by the owner of the fee.
(2) Or unless it has been legally taken and condemned
by statutory provisions.  (3) Or unless it has become a

public road by long-continued and uninterrupted use. *Missouri Institute v. How*, 27 Mo. 211 ; *State v. Culver*, 65 Mo. 607.

IV. The public had no title to the land north of the ditch by deed, condemnation, or dedication. It could have obtained title only by actual occupancy and use. *Bradley v. West*, 60 Mo. 33 ; *Huckshorn v. Harting*, 81 Mo. 648 ; *Crispen v. Hannovan*, 50 Mo. 536. Such a title is not shown by the evidence. All the evidence shows that the land north of the ditch was never actually traveled or used by the public. Upon the whole record appellant insists that he is entitled to a reversal.

No brief for the respondent.

PHILIPS, P. J.—The defendant was indicted and convicted for unlawfully obstructing a public highway in Saline county. We have carefully examined the record in this case, and find no error in the proceedings of the criminal court. The proof was clear that the part of the road obstructed by defendant had been in use, for more than ten years preceding the act of interference, as a public highway. This was sufficient to support the indictment without any record proof of the establishment of the road by an order of the county court. This has been so repeatedly held as to require no citation of adjudications. *Zimmerman v. Snowden,* 88 Mo. 221. That the purpose of the defendant was to occupy the part of the road inclosed by him under an assertion of title thereto, and not solely for the purpose of planting a hedge, as he now claims, is too clear for controversy. The instructions given by the court fairly and fully presented the real issues of law and fact to the jury. The verdict is well sustained by the evidence, and we find no error to justify a disturbance of the verdict and judgment.

The judgment of the circuit court is, therefore, affirmed. All concur.