# WILLIAMS et al. v. KIRBY, Appellant.

### Division Two, October 27, 1902.

1. **Condemnations: JURISDICTION: NECESSARY SHOWING.** Proceedings to condemn private property for public use being *in rem*, every fact necessary to confer jurisdiction on the tribunal in which they are brought must be affirmatively shown.

2. **———: LEVEE: NOTICE: SUBSEQUENT PROCEEDINGS.** The notice required by the act creating the St. Francis Levee District of Missouri, is jurisdictional in any proceeding to condemn for levee purposes a right of way over private lands, and without it all subsequent proceedings are without authority and absolutely void. Moreover, anything done not in pursuance to it, or in reference to lands not embraced within its provisions, is an entire nullity.

3. **———: ———: ———: PETITION: TERMINI.** The petition for a levee (as for a public road) must specify the termination of the proposed right of way to be that specified in the notice, and that termination must be so described or designated that a surveyor can find, from the description there given, the exact point intended.

4. **———: ———: JURISDICTION: EFFECT OF APPEAL.** The terminus of the proposed right of way must appear upon the face of the record in order to confer jurisdiction on the county court to condemn land for levee purposes, and if the court's jurisdiction does not so appear from the face of the record, neither the circuit court nor the Supreme Court acquires jurisdiction of the property by appeal.

5. **———: APPEAL: FILING OF BOND AND AFFIDAVIT: EFFECT OF: DISMISSAL.** Where in a proceeding in the county court to condemn land for levee purposes, the appellant files his bond and affidavit for an appeal within the time prescribed by the statute, and the clerk returns the papers and a transcript of the proceedings in the case to the circuit court, the circuit court must consider the case, and has no authority to dismiss the appeal on the ground that the county court had made no order granting the appeal. And if the county court had no jurisdiction over the property sought to be condemned, because of defective notice and petition, but did have jurisdiction over the persons, the effect of such an appeal is to give the circuit court jurisdiction over the parties, and an appeal from an

order of the circuit court dismissing the appeal to it, gives the Supreme Court jurisdiction over the parties also, and authority to reverse the judgment dismissing the appeal, and to dismiss the proceedings.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*Charles Nagel* for appellant; *Daniel N. Kirby pro se.*

(1) The proceeding for condemnation, being *in rem* and purely statutory, every material requirement of the statute must be strictly complied with, and all facts required by the statute to be stated must affirmatively appear on the face of the record, or the county court will not acquire jurisdiction over the subject-matter. Railroad v. Young, 96 Mo. 41; Jefferson Co. v. Cowan, 54 Mo. 237; Whitely v. Platte Co., 73 Mo. 30; Zimmermann v. Snowden, 88 Mo. 220; Anderson v. Pemberton, 89 Mo. 65; Colville v. Judy, 73 Mo. 654; Railroad v. Hoereth, 144 Mo. 148. (2) The transcript shows the following defects in the proceedings in the county court, each of which, under the rule recognized by above cases, operated to prevent that court from acquiring jurisdiction: (a) The petition for condemnation failed to "specify the termination" of the proposed right of way. The attempt to state "the termination" was contained in these words: "To a point in what is known as the 'Highland' in survey 1051, sec. 17." The point is not located, and the "highland" is evidently of considerable extent, so that the proposed termination might be anywhere in the highland in that survey, and the description is too indefinite. Peterson v. Beha, 161 Mo. 520. (b) The petition fails to state the amount of damages claimed by appellant for his land. This was required by section 7796, Revised Statutes 1889, as amended by Laws 1893, p. 222. (c) The report of the com-

missioners failed to describe the land sought to be condemned. This was required by section 7799, Revised Statutes 1889, as amended Laws 1893, p. 223. (d) The report of the commissioners instead of describing the strip of land set out in the petition, and in the order of court appointing commissioners, "did assess the damages to Daniel N. Kirby, to the following described land in the county of New Madrid, to-wit, section 17, township 27, range 14 east, at the sum of forty dollars." So that they assessed the whole section in which the proposed strip was located, under an order of court directing them to assess the strip only. So far as the record shows, there was, therefore, no assessment of the strip sought to be condemned. (3) An appeal lay from the county court to the circuit court, which thereupon became possessed of the cause for trial *de novo*. Appeals from the county court are to be perfected in the same manner as appeals from justices of the peace. R. S. 1889, sec. 7801; Colville v. Judy, 73 Mo. 651. (4) The appeal was properly taken. The affidavit and bond for appeal were filed within ten days after the judgment of the county court condemning the land. Thereafter, the papers in the case were returned by the county clerk to the clerk of the circuit court with a transcript of the proceedings in the county court. Under section 6334, Revised Statutes 1889, this constituted a proper appeal even if no formal order allowing an appeal had been made by the county court. Long Bros. v. Bolen Coal Co., 65 Mo. App. 608; Jester v. McKinney, 47 Mo. App. 63. (5) The county court having had no jurisdiction over the subject-matter, none was acquired by the circuit court on appeal, and none by this court. Webb v. Tweedie, 30 Mo. 488; Dillard v. Railroad, 58 Mo. 73; Planing Mill v. Short, 58 Mo. App. 322. The want of jurisdiction in the trial court being apparent on the face of the record, may be raised for the first time in this court, on appeal. Bray v. Marshall, 66 Mo. 122; Parlin v. Hord, 145

Williams v. Kirby.

Mo. 118.    (6)    The posted notice, and the petition filed in
the county court, were sufficient, with the defendant's appear-
ance, to give that court jurisdiction over the parties. The
appeal from that court having been properly taken, the cir-
cuit court likewise acquired jurisdiction over the parties, and
it erred in dismissing plaintiffs' appeal. As the result this
court in turn has jurisdiction over the parties, and if the
court should not consider our motion to dismiss the proceed-
ings well founded, then the judgment of the circuit court
dismissing the appeal should nevertheless be reversed and the
cause remanded, with directions to the circuit court to dis-
miss the suit at plaintiffs' cost.

*J. R. Bruer* and *R. B. Oliver* for respondents.

BURGESS, J.—This proceeding was begun in the
county court of New Madrid county, by plaintiffs, to condemn
for levee purposes a right of way over certain lands belong-
ing to the defendant. The strip of land sought to be con-
demned was described in the posted notice as follows: "A
strip of land 112 feet wide, beginning on the north boun-
dary line of survey No. 2928, running in a northerly direc-
tion to the south boundary line of survey No. 1051, and lying
west of and immediately adjacent to the Point Pleasant and
New Madrid public road."

After this notice was posted, a petition for condemna-
tion was filed in the county court, in which the strip of
land was described as follows: "A strip of land 112 feet
wide running in a northerly direction, and lying west of,
and immediately adjacent to, and alongside of what is
known as the New Madrid and Point Pleasant road, to a
point in what is known as the Highland in survey 1051, sec-
tion 17, township 21, range 14 east."

The petition was filed August 6, 1895. On August 7,
Vol 169 mo—40

1895, the county court appointed commissioners to view and assess the strip of land, describing it in the same terms used in the petition. On November 4, 1895, the commissioners filed their report describing the land assessed by them, as follows: "The following described land in the county of New Madrid, Missouri, to-wit, section 17, township 27, range 14 east."

On February 5, 1896, the county court rendered judgment of condemnation, describing the strip, as follows: "A strip of land 112 feet wide, beginning on the north boundary line of survey 2928, in section 17, township 21, range 14 east, running in a northern direction, and lying east of and immediately adjacent to what is known as the New Madrid and Point Pleasant public road, to a point in what is known as the 'Highlands' in survey 1051, in section 17, township 21, range 14 east."

On February 13, 1896, the defendant filed in the office of the clerk of the county court his affidavit for appeal; notice of appeal duly served, and an appeal bond. On February 22, 1896, at the next term of the county court, the appeal bond was approved, but the court made no order allowing the appeal.

The clerk of the county court returned the papers in the case to the clerk of the circuit court of New Madrid county, in which court the plaintiffs filed a motion to dismiss the appeal, on the ground that the county court of New Madrid county had never granted an appeal. The circuit court of that county at the September term, 1897, sustained plaintiffs' motion and dismissed defendant's appeal to the circuit court. From this judgment of dismissal an appeal was taken to this court.

Defendant has filed in this court a motion to dismiss these proceedings, on the ground that the record discloses that the county court had no jurisdiction to render judgment of condemnation, and hence, neither the circuit court nor the

Supreme Court acquired jurisdiction of this appeal. But as the case has been fully briefed by defendant, which covers all the points presented by the motion to dismiss, we will dispose of the appeal upon its merits regardless of that motion.

It may be conceded at the outset that, proceedings to condemn private property for public use being *in rem*, they must affirmatively show every fact necessary to confer jurisdiction on the tribunal in which had.

This defendant claims the record, in the case in hand, not only fails to affirmatively show, but shows otherwise.

The act creating the St. Francis Levee District of Missouri provides that in case the board of directors can not procure the voluntary relinquishment of the desired right of way, "they shall proceed as provided by the law of this State regulating the manner of obtaining the right of way for public roads." [Laws of Missouri, 1893, p. 200, sec. 24.] The road law then in force provides that the petition for condemnation for the right of way for public roads, shall "specify the proposed beginning, course and *termination*" of the proposed right of way, and also state the amount of damages claimed by the owner of the land sought to be condemned. [R. S. 1889, sec. 7796, as amended by Laws of 1893, p, 222.] And also that the report of the commissioners appointed to assess damages contain a description of the land for which the damages are assessed. [Sec. 3, p. 223, Laws 1893.]

The notice of the intended application for a new road is required to be given by written or printed handbills, put up in three or more public places, one of which is to be put up at the proposed beginning, and one at the proposed *termination* of said road, at least twenty days before the first day of a regular term of the county court at which the petition is to be presented. [Sec. 7797, R. S. 1889.]

Now, the notice in this case showed that the *terminus*

of the proposed right of way was intended to be at the intersection of the Point Pleasant and New Madrid public road, and the south boundary line of survey 1051, while the petition thereafter presented fixed the *terminus* of said proposed right of way" at a point *in what* is known as the *Highlands* in survey 1051, in section 17, township 21, range 14 east.

The notice in the first place was jurisdictional (Railroad v. Young, 96 Mo. 39) and without it all the proceedings would have been without authority and absolutely void. And anything that was thereafter done toward condemning defendant's land for levee purposes, not in pursuance of it, or with respect to lands of defendant not embraced within its provisions, rendered the entire proceedings a nullity.

It is plain from a casual reading of the petition that it does not specify the termination of the proposed right of way. "To a point *in* what is known as the Highlands, *in* survey 1051, section 17," is evidently too indefinite for any purpose, and clearly does not comply with the statute which requires the *termination* to be *specified in* the petition.

No surveyor could find the terminus of it under such a description, for how could he determine from the petition the exact point *in* what is known as the Highlands in survey 1051, section 17, was intended under a description so indefinite. It would be impossible.

And it has been uniformly held by this court, in proceedings to condemn private property for public use, that unless it affirmatively appear upon the face of the proceedings that every essential prerequisite of the statute conferring the authority has been complied with, such proceedings will be void. [Anderson v. Pemberton, 89 Mo. 61; Whitely v. Platte County, 73 Mo. 30; Jefferson County v. Cowan, 54 Mo. 234; Zimmerman v. Snowden, 88 Mo. 218.] That the petition does not specify the terminus of the proposed right of way, is too clear for argument, and, as it must appear from the *face* of the record in order to confer juris-

diction on the county court in the first instance, it must follow that neither the circuit nor the Supreme Court acquired jurisdiction of the property by appeal.

It is said that the circuit court erred in dismissing the appeal from the county court. This seems to have been done upon the ground that the county court made no order of record granting an appeal which must have been considered by the circuit court as being absolutely necessary to that end.

Section 1788, Revised Statutes 1899, reads as follows: "In all cases of appeal from the final determination of any case in a county court, such appeal shall be prosecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from justices of the peace to circuit courts, and when any case shall be removed into a court of appellate jurisdiction by appeal from a county court, such appellate court shall thereupon be possessed of such cause, and shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court, without regarding any error, defect or informality in the proceedings of the county court."

As this statute provides in express terms that an appeal taken from the final judgment of a county court, shall be prosecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from justices of the peace to the circuit courts, it remains to be determined how appeals from justices of the peace may be taken to the circuit court.

In Jester v. McKinney, 47 Mo. App. 62, it was held: "If the transcript of a justice of the peace in a cause, wherein an appeal is taken, shows that the affidavit and bond for the appeal were filed with the justice within the time allowed therefor, but that the justice entered the order allowing the appeal after the expiration of that time because he had failed to satisfy himself in time of the sufficiency of the

bond, the sufficiency of the appeal should be sustained under section 6334 of the Revised Statutes of 1889."

That section provides that in all cases when the bond and affidavit required shall have been filed or deposited with the justice in due time, and the justice shall have returned such appeal to the appellate court, the same shall be considered as having been allowed by the justice, although no entry thereof shall appear in the record. In the case at bar, the affidavit and bond for appeal were filed within ten days after the judgment of the county court condemning land. Thereafter, the papers in the cause were returned by the clerk of the county court with a transcript of the proceeding in the county court to the clerk of the circuit court, and while the county court made no order granting an appeal, since the clerk returned the appeal to the circuit court the same must be considered as having been allowed although no order was made by the county court granting an appeal. [Long Brothers v. Bolen Coal Company, 56 Mo. App. 605.]

It follows that the court erred in dismissing the appeal, but for reasons before stated, it acquired no jurisdiction over the land sought to be condemned. The circuit court did, however, acquire jurisdiction of the parties, which is conferred upon this court by reason of this appeal.

For these considerations, we reverse the judgment and dismiss the proceedings.

All of this Division concur.