In re CHARLES J. CLARK et al., Petitioners for Public Road, v. R. E. KILBRIDE et al., Remonstrators, Appellants.

#### Division One, April 10, 1920.

1. **PUBLIC ROAD: Matters of Record and Exception.** In a proceeding to establish a public road, proceedings in the county court, such as the filing of an affidavit and bond for an appeal, the approval of the bond and the subsequent order allowing the appeal, being matters shown by the transcript of the Clerk of the County Court, are not matters of exception, but are properly abstracted as a part of the record proper.

2. ————: **Appeal to Circuit Court: Section 10440.** While Section 10440, Revised Statutes 1909, applies to appeals from judgments of county courts "assessing damages, or for opening, changing or vacating any road," and permits such appeal to be taken within ten days from the date of the rendition of the judgment appealed from, it is incomplete, in that it does not provide any

method of effecting an appeal or any means of transferring the cause. It must, therefore, be read in connection with Section 4091 and other sections, which prescribe the other things necessary to be done in order that an attempted appeal may be entertained.

3. ———: ———: **Order of Allowance After Ten Days.** Where the county court on November 7th rendered judgment establishing a public road, and on the same day, but after adjournment of the court, remonstrators filed an affidavit for an appeal, and on November 17th tendered to the clerk a bond, which he approved, and on December 23rd, at an adjourned term, the court by order allowed the appeal, the appeal was taken in time. The remonstrators had in all respects complied with the applicatory statutes, and the failure to allow the appeal in proper time was not attributable to any neglect on their part. The clerk's transcript by reciting the adjournment of the court sufficiently shows why the appeal was not sooner allowed.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart,* Judge.

REVERSED AND REMANDED.

*F. H. McCullough* for appellants.

(1) The appeal herein, from county court to circuit court, is governed by the law with relation to appeals from justices of the peace to circuit courts. Sec. 4091, R. S. 1909; Fisher v. Anderson, 101 Mo. 459; (2) The appeal was taken from an order of the county court, opening a new public road, and affidavit and bond was filed within ten days from the date of the rendition of the judgment appealed from. Sec. 10440, R. S. 1909. (3) No formal order granting the appeal was necessary; the filing of the affidavit and bond within ten days, with the clerk of the county court, conferred jurisdiction on the circuit court. Curtis v. Tyler, 90 Mo. App. 345; Ford v. Gray, 131 Mo. App. 240; Williams v. Kirby, 169 Mo. 622; Sidwell v. Jett, 213 Mo. 601.

*L. F. Cottey* for respondents.

(1) The bill of exceptions set out in appellants' abstract is the only record the court can consider in this

case. State ex rel. v. Staten, 268 Mo. 288. (2) The first contention of appellants is that the appeal in this case is governed by Sec. 4091, R. S. 1909. That is an entirely erroneous view of the road law as to appeals in public road cases. Section 10440 provides the only method of taking appeals from the county court to the circuit court in public road cases. State ex rel. v. Wiethaupt, 238 Mo. 155; State ex rel. v. McElhinney, 246 Mo. 44; Fitzmaurice v. Turney, 256 Mo. 181; State ex rel. v. Staten, 268 Mo. 288; Summers v. Cordell, 187 S. W. 5; Fitzgerald v. De Soto Sp. Road District, 195 S. W. 696. (3) The amendment of 1909, Sec. 9419, R. S. 1899, was manifestly intended to provide a complete scheme for taking appeals from the county court in public road cases. The appellate courts have so construed said amendment. The amendment begins by saying: 'And provided further, that all appeals shall be taken within ten days from the date of rendition of the judgment appealed from.''

It goes without saying that what the county court does can only be shown by its record. The record in this case affirmatively shows that the order of the county court granting the appeal in this case was made forty-six days from the date of rendition of the judgment appealed from.

RAGLAND, C.—The respondents are petitioners and the appellants remonstrators in a proceeding begun February 2, 1914, in the County Court of Knox County, for the establishing of a public road. Final judgment establishing and opening the road was rendered November 7, 1914. On the same day, but after the adjournment of the court, remonstrators filed an affidavit for an appeal. On November 17, 1914, still in vacation of the court, they tendered to the clerk, and the clerk approved, an appeal bond which they thereupon filed. At an adjourned term, held December 23, 1914, the court made an order which, after reciting the filing of the affidavit and appeal bond and the approval of the bond by the clerk in vaca-

tion, allowed an appeal to the circuit court and directed the clerk to make and certify to that court a transcript of the proceedings in the cause. The transcript was duly filed with the Clerk of the Circuit Court of Knox County, January 13, 1915. On motion of the petitioners the appeal was dismissed by the circuit court on the ground that it was not taken in time. From the judgment of the circuit court dismissing their appeal, the remonstrators prosecute this appeal.

I. The proceedings had in the county court relative to the appeal to the circuit court, namely, the filing of the affidavit and bond, the approval of the bond by the clerk and the subsequent order allowing the appeal, are abstracted as record proper here, and the respondents make the point that as they were not incorporated in a bill of exceptions they can not be considered on this appeal. But in this respondents are in error. These proceedings were shown by the transcript and papers returned by the Clerk of the County Court upon the allowance of the appeal, which upon their filing in the circuit court, became, without the aid of a bill of exceptions, the initial part of the record of the cause in that court. [Secs. 4091, 7577 and 7579, R. S. 1909; Iba v. Railroad, 45 Mo. 469; Corbin v. Laswell, 48 Mo. App. 627.]

*Record Proper.*

II. Preliminary to a consideration of whether the appeal from the judgment of the county court establishing and opening a public road was taken in time, it is necessary to first determine what statute or statutes govern such appeals. Section 4091 (R. S. 1909) of the article relating to county courts, provides:

*Appellate Time.*

"In all cases of appeal from the final determination of any case in a county court, such appeal shall be prosecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from justices of the peace to circuit courts, and when any case shall be removed into a court of appellate

jurisdiction by appeal from a county court, such appellate court shall thereupon be possessed of such cause, and shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court, without regarding any error, defect or informality in the proceedings of the county court.''

Section 10440 of the article dealing with the establishment and vacation of public roads is as follows:

"Appeals to the circuit court shall be allowed either party from the judgment of the county court assessing damages, or for opening, changing or vacating any road, and upon such appeal the circuit court shall proceed to hear and determine the same anew; but no commissioner shall be appointed by the circuit court, nor shall any appeal, prior to the determination thereof in the circuit court, operate as a *supersedeas* of the proceedings of the county court; *and provided further,* that all appeals shall be taken within ten days from the date of rendition of the judgment appealed from, and the appellant shall, before such appeal is allowed, file with the clerk of the county court his appeal bond, payable to the county and to the appellee, as their interest may appear, in such sum as may be required by the county court or by the clerk thereof in vacation, and conditioned that he or they (the appellants) will fully pay or satisfy any judgment for damages or costs that may be rendered against them in the circuit court, and will in all things abide the judgment of said court.''

As appears from a casual reading, the first of these sections is a general regulation governing appeals in all cases from final judgments of county courts, while the second applies only to appeals from the judgments of such courts "assessing damages, or for opening, changing or vacating any road.'' Respondents take the position that the latter section provides a complete scheme for taking appeals from the county court in public road cases. But on its face it shows that it is not complete, in that it does not provide any method of

effecting an appeal or any means for transferring the cause to the appellate court. When read in connection with Section 4091, it clearly appears that it was intend- ed to be, and is, merely a limitation in the specific case with which it deals on the general right of appeal given by Section 4091. So construing the two sections, it fol- lows that the appeal in this case is governed by Section 4091, subject to the specific limitations imposed by Sec- tion 10440. This view does not in any way conflict with the holding in State ex rel. v. Wiethaupt, 238 Mo. 155.

Section 10440 requires that all appeals shall be tak- en within ten days from the date of the rendition of the judgment appealed from. While the judgment in this case was rendered by the county court on the 7th day of November and the order granting the appeal was not made by the court until December 23, 1914, the affidavit and bond were filed within the prescribed time. Section 4091 provides that appeals from judgments of the county court shall be prosecuted to the appellate court in the same manner as appeals from justices of the peace to the circuit court. In order, therefore, to determine whether the appeal in question was "taken" within ten days from the date of the judgment, recourse should be had to relevant provisions of the statutes regu- lating appeals from justices of the peace. Section 7574, so far as material, is as follows: "If in any case the justice shall allow an appeal, and certify in his certifi- cate the cause of his failure to allow the same at the proper time, such appeal shall be sustained when it would have been competent for the court to have or- dered the same to be allowed." It does not appear that the county clerk in certifying the transcript of the pro- ceedings to the circuit court certified the cause of the failure of the court to allow the appeal within the proper time, but, notwithstanding, the cause of such failure does appear from the transcript. By express provision of Section 10440, the appeal could not have been allowed until a bond was filed; the bond was filed, as the statute permitted, in vacation between the regular November

term and the adjourned November term, 1914. As it was filed on the last day on which an appeal should be taken and in vacation, it follows as a matter of course that the court could not allow the appeal "at the proper time."

In Jester v. McKinney, 47 Mo. App. 62, the affidavit and appeal bond were filed within ten days after the rendition of the judgment, but the appeal was not allowed until the twenty-third day thereafter. The justice stated in his transcript that the reason he did not allow the appeal within ten days after the judgment was rendered was, that he was not satisfied as to the sufficiency of the bond within that time. The St. Louis Court of Appeals held that under Section 7574 the appeal should be sustained. That ruling was approved and followed by this court in Williams v. Kirby, 169 Mo. 622.

In this case the transcript certified by the county clerk shows on its face that within ten days from the date of the rendition of the judgment the appellants complied in all respects with the statutory provisions entitling them to an appeal; that the failure to allow it within the proper time was not attributable to any neglect or failure on their part; and that it would have been competent for the circuit court to have ordered the same to be allowed. Under the section of the statutes last referred to, the appeal should have been sustained by the trial court. The judgment is reversed and the cause remanded. *Brown* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion by RAGLAND, C., is adopted as the opinion of the court. All of the judges concur, except *Woodson, J.,* absent.