## PLATTE COUNTY v. JOHN I. LOCKE, Appellant.

### Division Two, June 8, 1922.

1. **COUNTY COURT: Judgment: Cancelling Swamp Land Patent: Jurisdiction.** Where a county court, acting in its administrative capacity, sells swamp land, located in its county, for a consideration paid, and executes and delivers a patent therefor conveying such land to the purchaser, which is recorded in such county, all as provided in Articles 5 and 6, Chapter 56, Revised Statutes 1919, such county court has no jurisdiction to cancel or set aside such patent for fraud and deceit in the procurement thereof, and its judgment so doing is void.

2. ————: ————: **Cloud on Title: Appeal.** Such judgment created a cloud upon the title of the patentee to said land and he was entitled to appeal therefrom to the circuit court of the county, by virtue of Sections 2436 and 2584, Revised Statutes 1919.

3. ————: ————: **Appeal Properly Taken.** Where the patentee filed his affidavit and bond for appeal from such judgment on the same day and at the same term of court when said judgment was rendered and said bond was that day approved by the county court, the appeal was properly taken, notwithstanding the fact that the record of the county court showed the allowance of the appeal at a later term, a transcript of the proceedings in the county court, including the order allowing the appeal, being filed in the circuit court.

4. ————: ————: **Appeal Dismissed on Motion: Bill of Exceptions: Record Proper.** No bill of exceptions was necessary in order to have the Supreme Court review the action of the circuit court in sustaining a motion of the county to dismiss the patentee's appeal on the ground that there was no authority of law for such appeal and the court had no jurisdiction, inasmuch as the transcript of the proceedings in the county court, the motion to dismiss the appeal filed in the circuit court, and the judgment of the latter sustaining such motion and its order granting an appeal therefrom, con-

stitute the record proper in the Supreme Court and the validity of the judgment of the circuit court, dismissing the appeal from the county court, can be determined from such record proper.

6. ———: ———: **Appeal to Circuit Court: Jurisdiction.** Since the county court had no jurisdiction to cancel or set aside the patent and its judgment so doing was, therefore, void, and the legal effect of the appeal from said judgment was simply to remove the proceedings, pending in the county court, to the circuit court, to be disposed of *de novo*, the circuit court acquired no jurisdiction to set aside or cancel such patent, and its judgment dismissing the patentee's appeal was erroneous, and is reversed and this proceeding is dismissed.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND DISMISSED.

*John D. Wendorff* and *James H. Hull* for appellant.

(1)    The circuit court committed error in dismissing appellant's appeal from the judgment of the county court to the circuit court, setting aside the order of sale by said county court of lands described in said patent to appellant. Secs. 2436, 2584, R. S. 1919; In re Incorporation of Uniondale, 203 S. W. 508; State ex rel. v. Fleming, 147 Mo. 10; State ex rel. v. Wiethaupt, 238 Mo. 155; State ex rel. v. McElhinney, 246 Mo. 44; State ex rel. v. Evans, 83 Mo. 319; State ex rel. v. Buerinan, 186 Mo. App. 691.    (2)    Appellant had the right to appeal from the judgment of the county court setting aside the order of sale of the county court selling land described in its patent issued to plaintiff.    (3)    Respondent's so-called motion to dismiss appellant's appeal from the county court to the circuit court is in realty a plea to the jurisdiction of said circuit court, to hear and determine this case, and should be treated the same as a demurrer so far as this appeal is concerned. Natl. Bank v. Ellison, 266 Mo. 423; Shohoney v. Railroad Co., 231 Mo. 149; Natl. Bank v. McDermand, 177 S. W. 1106.    (4)    The

only question involved here is whether the circuit court had jurisdiction to hear this case on appeal from the county court.

*Terrence Riley,* Prosecuting Attorney, and *Guy B. Park* for respondent.

(1) A motion to dismiss, unless in the nature of a demurrer, is not a part of the record proper and will not be considered upon appeal unless preserved in bill of exceptions. Brown v. Foote, 55 Mo. 178; Levy & Co. v. Smith, 149 Mo. App. 314; Natl. Bank v. McDermand, 177 S. W. 1106; Bank v. Finks, 40 Mo. App. 367; Butcher v. Keil, 1 Mo. 262. (2) An appeal to the circuit court will not lie from an order of the county court vacating and setting aside a sale made under the Abandoned River Bed or Swamp Land Act, because no such appeal is provided for by said acts or other statutes. Wilson v. Township No. 6, 23 Mo. 416; Sheridan v. Fleming, 93 Mo. 321; Ry. Co. v. St. Louis, 92 Mo. 160; Aldridge v. Spears, 101 Mo. 406.

RAILEY, C.—It appears from the record herein that, on February 2, 1920, at the regular February term, 1920, of the Platte County Court, the latter sold to appellant ninety acres of swamp land in said county, located in Section 15, Township 51, Range 35, for $112.50, or $1.25 per acre. On said February 2, 1920, during the regular term of said court, a patent was issued in due form to said John I. Locke for the land aforesaid, which recites, among other things, the following:

"Platte County, State of Missouri, ss.

"To All To Whom These Presents Shall Come, Greetings:

"In compliance with an order of the County Court of Platte County, Missouri, made and entered of record by the county court of said county on the 2nd day of February, 1920, empowered by Chapter 69, Article 5, Sections 7997, and following sections of the Revised

294 Mo.—14

Statutes of Missouri 1909, and in consideration of the sum of one hundred twelve & 50/100 dollars, being $1.25 per acre, paid by John I. Locke, of Jackson County, Missouri.

"By these presents doth sell and convey to the said John I. Locke, all the right, title and interest it is by law empowered to sell and convey in and to the following described lands situated in the Missouri River bed near Waldron in said Platte County and embraced within the section township and range lines of Platte County, Missouri," etc.

Said patent described the land in controversy, was duly acknowledged, delivered and recorded in said county.

On February 16, 1920, appellant was notified by the county court aforesaid to appear on March 2nd, 1920, and show cause why the above sale, and order of sale, should not be vacated and set aside. On the 6th day of March, 1920, during said February, 1920, adjourned term of said county court, appellant Locke appeared and resisted the right of said court to cancel or vacate said sale or order of sale. The record of said court, on the date last mentioned, among other things, recites the following:

"Now, therefore, it appearing to the court that said order, ruling, action and judgment of this court heretofore made on the 2nd day of February, 1920, during the regular February term, 1920, of this court, and all orders, acts and conveyances made by this court in relation to the land aforesaid, were done and made by this court, under a misapprehension of the real facts, and as the result of misrepresentation and deceit practiced upon this court by the said J. I. Locke in obtaining said order, action, judgment and orders, acts and conveyances made by this court in relation to said conveyance, and was not and is not the order, action, ruling and judgment or conveyance of this court.

"It is therefore ordered, considered and adjudged that the order, ruling, action and pretended judgment of

this court, so made and entered of record on the 2nd day of February, 1920, purporting to sell to one J. I. Locke the aforesaid described land, and all orders, acts, and conveyances made by this court, at this term, in relation thereto, be and are hereby cancelled, set aside and for naught held; that the records of this court be corrected in accordance with the order; and the county treasurer ordered and directed to refund the said J. I. Locke the sum of one hundred twelve & 50/100 dollars, being the purchase price of the said land.''

On said March 6, during the February adjourned term aforesaid, appellant Locke filed an affidavit and bond for appeal. Said bond was approved and, on June 7, 1920, an appeal was granted him to the circuit court of said county. A transcript of the foregoing record and proceedings of the Platte County Court was filed in the circuit court of said county on June 11, 1920.

On September 8, 1920, Platte County aforesaid, by its attorney, filed in the circuit court aforesaid, in the above entitled cause, a motion to dismiss appellant's appeal, which, without caption and signature, reads as follows:

''Comes now the County Court of Platte County, Missouri, and moves the court to dismiss the appeal in the case for the reason that the circuit court has acquired no jurisdiction over the parties or the subject-matter by reason of said appeal; and because under the law there is no authority for appeal in such cases; and because the court has no jurisdiction.''

On September 20, 1920, the circuit court aforesaid sustained the above motion and dismissed appellant's appeal, etc. In due time, appellant appealed to this court from the order and judgment of dismissal aforesaid and on May 25, 1921, filed his transcript of appeal herein.

I. The County Court of Platte County, acting in its administrative capacity, had the undoubted right to sell and convey the land in controversy to appellant Locke for the consideration aforesaid. [Article 5 and 6, chap.

**County Patent: Cancellation: Fraud: Void Judgment.** 56, R. S. 1919; State ex rel. Board of Education v. Wayne County Court, 98 Mo. l. c. 367.] In this case, the county court, in due form of law, sold the land in controversy to defendant Locke, for a paid consideration authorized by law, executed and delivered to him a proper patent therefor, which was duly recorded in said county. The foregoing facts disclose that an executed contract and sale was made between the foregoing parties, of the land aforesaid. If the sale of said land was obtained through fraud or mistake, Platte County had the right to seek the aid of a court of equity in setting aside said sale and canceling said patent, but its county court was not vested with equitable jurisdiction in respect to said matter, and possessed no authority to set aside a conveyance involving the title to real estate.

The judgment of the County Court of Platte County appealed from by defendant, was rendered without authority of law and is void.

II. The county court of said county, by its judgment aforesaid, judicially attempted to set aside the title to real estate, in a case where it had no jurisdiction; and by its unauthorized proceedings created a cloud upon the title to the land purchased by appellant. We are of the opinion that defendant was entitled to appeal from the judgment of the county court aforesaid, by virtue of Sections 2436 and 2584, Revised Statutes 1919, as construed by the former rulings of our appellate courts. [Colville v. Judy, 73 Mo. l. c. 653; State ex rel. v. Wiethaupt, 238 Mo. l. c. 163, 142 S. W. 323; State ex rel. v. McElhinney, 246 Mo. l. c. 54; Fitzmaurice v. Turney, 256 Mo. l. c. 187; In re Incorporation of Uniondale, 203 S. W. (Mo. App.) 508.] The defendant, therefore, had the legal right to appeal from the judgment of the county court, if the appeal was taken as provided by law.

**Void Judgment: Appeal.**

III.  The judgment of the county court was entered on March 6, 1920.  Defendant filed an affidavit and bond for appeal on the same day and at the same term of court.  The bond was approved, and on June 7, 1920, at the May term of court, the record shows, that an appeal was granted defendant.  The transcript of appeal from the county court was filed in the circuit court on June 11, 1920.  We hold, that under the foregoing facts, defendant's appeal from the county court was properly taken.  [Williams v. Kirby, 169 Mo. l. c. 629-30; Clark v. Kilbride, 282 Mo. 101, 220 S. W. 880.]

*Appeal Properly Taken.*

The above authorities are conclusive as to the sufficiency of defendant's appeal from the judgment of the county court.

IV.  Appellant filed in the circuit court a transcript of the record and proceedings of the Platte County Court, including defendant's affidavit and bond for appeal.  Respondent herein filed in the circuit court a motion to dismiss defendant's appeal, which is heretofore set out, and speaks for itself.  It was sustained by the circuit court, and defendant, in due form of law, appealed from said judgment of dismissal to this court.  The transcript of the proceedings in the county court aforesaid, the motion to dismiss defendant's appeal filed in the circuit court, the judgment of the latter, sustaining plaintiff's motion, and the order of said court granting an appeal, constitute the record proper in this court, and the validity of the judgment of the circuit court, in dismissing said appeal, can be determined with propriety from the record proper, as above indicated, without any bill of exceptions.  [Clark v. Kilbride, 282 Mo. l. c. 104, 220 S. W. l. c. 881; State ex rel. Combs v. Staten, 268 Mo. l. c. 295-6, 187 S. W. l. c. 43-5.]

*Propriety of Appeal Shown by Record Proper.*

V. As the County Court of Platte County was without jurisdiction to cancel and set aside the executed con-

tract disclosed by the record, involving the title to the real estate in controversy, the circuit court, on said appeal, was likewise without jurisdiction to determine said title, on the record before it. The legal effect of defendant's appeal from the judgment of the county court, was simply to remove the proceedings pending in the county court to the circuit court, to be disposed of *de novo*. [Secs. 2584, 2902, 2908, 2910, R. S. 1919.] It is manifest that neither the county court, nor the circuit court, on the record before us, had jurisdiction to set aside or cancel the executed sale in controversy involving the title to real estate. [Colville v. Judy, 73 Mo. l. c. 654-5; Williams v. Kirby, 169 Mo. l. c. 630.]

*Appellate Jurisdiction of Circuit Court.*

We are of the opinion that the circuit court erred in sustaining respondent's motion to dismiss defendant's appeal.

The judgment below is accordingly reversed and the proceedings herein dismissed, for the reasons heretofore stated. *White* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.