Everett ELROD, Gusta Terrill, Lee Imboden, Elsie Mae Imboden, Ray Imboden, Charley Imboden and 26 other remonstrants as appear by remonstrants of record, and similarly situated, Appellants,

v.

MARIES COUNTY, Missouri, J. B. Murphy, Wayne Terry and D. W. Mosher, Judges of the County Court of Said Maries County, Missouri, and William L. Evans, H. O. Mallow, C. A. Mallow, Walter Willoughby, Edith Holman, Davis Holman, Mose Cox, Ruth Cox, Shirley Jones, Alfred Jones, and 200 others, all signers of a petition to the County Court of Maries County, Missouri, praying for the establishment of a public road in the municipal township of Jefferson in said county, Respondents.

No. 22643.

Kansas City Court of Appeals.
Missouri.

Jan. 6, 1958.

Claude T. Wood, Richland, John P. Peters, Linn, for appellants.

Weldon W. Moore, Rolla, Hugh Atwell, Eldon, for respondents.

SPERRY, Commissioner.

More than twelve freeholders of Maries County instituted this action by filing their petition with the county court for the establishment of a public road within Maries County. Other citizens filed remonstrance to the granting of said petition. Hearings were held and a large number of witnesses gave testimony pro and con. The county court eventually reached a decision, ordering that said public road be established as prayed. These proceedings were had under the provisions of Chapter 228, RSMo 1949, V.A.M.S.

Thereafter, a petition for judicial review of such proceedings was sought in the circuit court of Cole County, by the remonstrators, as plaintiffs herein. Upon motion of the original petitioners, defendants herein, the petition for review was, by the circuit court of Cole County, dismissed. This appeal followed.

It is contended by defendants that the circuit court of Cole County had no jurisdiction to review these proceedings.

This petition for the establishment of a public road was filed under the provisions of Section 228.020 RSMo 1949, V.A.M.S., and the proceedings held pursuant to the filing of the petition are governed by the sections following, in the same chapter.

Section 228.120 RSMo 1949, V.A.M.S., provides as follows:

"* * * 2. Any order of the county court establishing or vacating a public road shall be subject to judicial review *to the same extent and in the manner prescribed* by chapter 536, RSMo 1949." (Italics ours.)

Section 536.110 RSMo 1949, V.A.M.S. provides:

"1. Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of the plaintiff's residence within thirty days after the mailing or

delivery of the notice of the agency's final decision

\* \* \* \* \* \*

"3. The venue of such cases shall, at the option of the plaintiff, be in the circuit court of Cole County or in the county of the plaintiff or of one of the plaintiff's residence \* \* \*."

■ Defendants contend that the above sections of the statute have no application to this situation. They contend that the action of the county court herein is not judicial in its character, but is legislative. However, the statutes are on the books and they are specifically made to apply to hearings before the county courts concerning the establishment of public roads. If the result obtained by application of the statutes is not desirable, we know of no remedy therefrom except by a change in the statutory law. By the specific terms of the statutes the circuit court of Cole County had jurisdiction to hear and determine this cause on review.

The cause is here and the full transcript of proceedings had before the county court is before us. We therefore will determine the issues herein and give such judgment as the circuit court should have given. Section 512.160 RSMo 1949, V.A.M.S. The record here is as full and complete as it was, or would be, before the circuit court, and nothing would be gained by remanding the case for full hearing there.

It is plaintiff's contention that the county court of Maries County was without jurisdiction to hear and determine the issue of the establishment of a public road because, it is urged, the description of the proposed road, its beginning, course, and termination, as set forth in the petition seeking its establishment, is too vague and uncertain to comply with the requirements of the statute authorizing said hearing, or to confer jurisdiction on the county court to hear and determine the cause.

The description of the road, as given in the petition, is as follows:

"Commencing in the municipal township of Jefferson, beginning at the east bank of the Gasconade River, at the Paydown Ford and running thence in a southeasterly direction across and upon the lands of Everett Elrod through the Southwest Quarter (SW¼) of Section Three (3) Township Forty (40), Range Eight (8) and ending at the Belle-Vienna Public Road."

█ The filing of a petition in accordance with the terms of the statute is necessary in order that the county court shall have jurisdiction to hear and determine the issue of establishing a public road. Noncompliance renders the proceedings void. Loveland v. Davenport, Mo.App., 188 S.W. 2d 850, 852; Whitely v. Platte County, 73 Mo. 30, 31. In this latter case it was held that a statutory proceeding to appropriate to the use of the public the land of plaintiff, being in derogation of the common law, "The utmost strictness is required in order to give it validity"; and that, unless every essential prerequisite of the statute is complied with, every step taken is *coram non judice.*

In Williams v. Kirby, 169 Mo. 622, 625, 70 S.W. 140, 141, the court considered a petition for condemnation of land for levee purposes. The land was described in the petition as "A strip of land 112 feet wide running in a northerly direction, and lying west of, and immediately adjacent to, and alongside of what is known as the 'New Madrid and Point Pleasant Road,' to a point in what is known as the 'Highlands' in survey 1,051, section 17, township 21, range 14 east."

The law governing such proceedings at that time was that regulating the manner of obtaining the right of way for public roads. The law provided that the petition for condemnation of the right of way for a public road shall "specify the proposed beginning course and termination" of the proposed right of way, just as it does at the present time.

The court said—169 Mo. 628, 70 S.W. 142:

"It is plain from a casual reading of the petition that it does not specify the termination of the proposed right of way. 'To a point *in* what is known as the "Highlands," *in* survey 1,051, section 17,' is evidently too indefinite for any purpose, and clearly does not comply with the statute, which required the *termination* to be *specified in* the petition. No surveyor could find the terminus of it under such a description, for how could he determine from the petition the exact point *in* what is known as the 'Highlands' in survey 1,-051, section 17, was intended under a description so indefinite. It would be impossible."

In the instant case there was a great deal of testimony. It tended to prove that there had been an old public road vacated some years ago, running from Paydown Ford southeasterly to the public highway; that the highway bordered and touches the SW¼ of Section 3, Township 40, Range 8, for a distance of 200 feet. Therefore, considering that evidence, the point of termination of the proposed road was fixed within a distance of 200 feet. But the course to be followed in reaching the highway was "southeasterly" which, it was shown by evidence, could vary from south, one degree east, to south 89 degrees east, and permit meandering at the will or caprice of those who might be charged with laying out and constructing the proposed road.

While the evidence indicated a general inclination and expectation for the new road to follow the old roadway from the river to the highway, yet nothing in the petition required that, and there was evidence to the effect that the old roadway no longer follows its original course, but departs therefrom.

█ We think the petition failed to *specify* the point of beginning, the course, and the point of termination of the pro-

posed road so as to meet jurisdictional requirements.

It is also contended that the record fails to show the posting of notices. However, there was some evidence to the effect that notices were seen by some witnesses. The testimony is very skimpy but, in view of our ruling, the point need not be further discussed.

The judgment of the circuit court of Cole County should be reversed, and the cause remanded with directions to enter a judgment reversing the order of the Maries County court, for the reasons herein stated.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed, and the cause remanded with directions to enter a judgment reversing the order of the Maries County court, for the reasons herein stated. All concur.